UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

ALYSSA MERCANTE,

Plaintiff,

v.

JEFF TARZIA,

Defendant.

---------------------------------------------------------------X

**MEMORANDUM & ORDER**

24-CV-8471 (MKB) (LKE)

**LARA K. ESHKENAZI**, United States Magistrate Judge:

Before the Court is the motion of Plaintiff Alyssa Mercante ("Plaintiff") for sanctions and for this Court to certify facts for civil contempt against Defendant Jeff Tarzia's ("Defendant") defense counsel, Ronald D. Coleman ("Defense counsel" or "Mr. Coleman"). For the reasons set forth below, the Court grants in part and denies in part Plaintiff's motion.

## I. BACKGROUND

The Court assumes familiarity with the general background of this case and provides only the facts relevant to address the instant motion.

On April 21, 2026, this Court granted Plaintiff's motions for Rule 37 fees related to two motions to compel and directed Plaintiff to provide Defendant with the cost of reasonable fees for the motions. (*See* Apr. 21, 2026, Min. Entry and Order.) The Court set a deadline of May 6, 2026, for Defendant to submit any objections to the fees requested by Plaintiff. (*See id.*) On Friday, May 8, 2026, at 6:30 p.m., Defendant filed his letter objection. (Def. Letter Obj., ECF 88.) In his letter, Defendant attached as an exhibit an email from Plaintiff's counsel, Mx. Green, providing wire transfer instructions to their firm's bank account. (*Id.* at 28-29.) Exhibit F purports to be redacted,

and a white box with the word "REDACTED" covers the bank account information. (*Id.* at 29.) The exhibit cover page also states that the bank account information is redacted. (*Id.* at 28.) However, Mr. Coleman failed to adequately redact and remove the sensitive financial information, as the text is accessible by copying and pasting, or by clicking and moving the white box covering the text. (*Id.* at 29.)

On Sunday, May 10, 2026, at 6:08 p.m., Plaintiff filed an *ex parte* emergency motion to strike Defendant's letter objection, providing evidence of the bank account information having been circulated online due to Defendant's failure to redact. (Pl. Mot. to Strike, ECF 91.) This Court responded on the same night and sealed Defendant's filing to prevent further public access to the bank account information. The Court also held a motion hearing on May 11, 2026, to discuss both Defendant's objection to Plaintiff's fee motions and the redaction issue. (May 12, 2026, Min. Entry and Order.) Plaintiff now moves for sanctions and for this Court to certify facts for civil contempt. (Mot. for Sanctions and to Certify Facts for Contempt, ECF 100.)

## II. DISCUSSION

First, the Court addresses Plaintiff's request to certify facts for contempt. Where a person has committed an act constituting contempt in a proceeding before a magistrate judge, the Federal Magistrates Act provides the following:

> [T]he magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified.

28 U.S.C. § 636(e)(6)(B)(iii). The magistrate judge's role is to investigate whether further contempt proceedings are warranted and to certify facts, not to issue a contempt order. *See Bowens v. Atl. Maint. Corp.*, 546 F. Supp. 2d 55, 71 (E.D.N.Y. 2008). In determining whether to certify

facts under Section 636(e), a magistrate judge evaluates "whether the moving party can adduce sufficient evidence to establish a *prima facie* case of contempt." *Gov't Emps. Ins. Co. v. N. Med. Care, P.C.*, No. 20-cv-1214 (FB) (LB), 2021 U.S. Dist. LEXIS 248224, at *3 (E.D.N.Y. Nov. 3, 2021) (citation omitted), *R. & R. adopted*, 2021 U.S. Dist. LEXIS 247478, (E.D.N.Y. Dec. 29, 2021). "Where, however, the magistrate judge declines to certify the conduct to the district court for a determination of contempt, the 'district court may not proceed further on a motion for contempt where the conduct at issue occurred before a magistrate judge.'" *Bowens*, 546 F. Supp. 2d at 71-72 (citation omitted).

To establish a *prima facie* case of contempt for failure to comply with a court order, the moving party must establish that "(1) the order is clear and unambiguous, (2) proof of noncompliance is also clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *SEC v. Durante*, 641 F. App'x 73, 76 (2d Cir. 2016). While "a court need not find willfulness or bad faith as a prerequisite to a contempt finding," *Dorsett v. Cnty. of Nassau*, No. 10-cv-01258 (ADS), 2012 U.S. Dist. LEXIS 79990, at *21 (E.D.N.Y. June 7, 2012), the moving party must establish each element of contempt by clear and convincing evidence, *see Bowens*, 546 F. Supp. 2d at 63-64. Further, "[t]he failure to meet the strict requirements of an order does not necessarily subject a party to a holding of contempt." *A.V. by Versace, Inc. v. Gianni Versace S.p.A.*, 446 F. Supp. 2d 252, 257 (S.D.N.Y. 2006) (quoting *Dunn v. N.Y. State Dep't of Labor*, 47 F.3d 485, 490 (2d Cir. 1995)).

Here, Plaintiff argues that Defense counsel's failure to redact the bank account information violates the Protective Order in place, which prohibits materials marked "confidential" from being filed on the public docket. (*See* Protective Order ¶ 9, ECF 52.) Defense counsel does not dispute that the Protective Order and the proof of non-compliance are clear and unambiguous, but objects

on the ground that he was reasonably diligent in attempting to comply. (*See* Mem. in Opp'n at 5, ECF 102.)

After considering the parties' submissions as well as the transcript of the proceedings held on May 11, 2026, the Court concludes that Plaintiff has failed to establish a *prima facie* case of contempt. In reaching this conclusion, the Court credits Defense counsel's explanation that he diligently attempted to redact the information but ultimately made a mistake. Specifically, at the hearing held by the Court, Defense counsel stated that "[t]he original document that I filed had a redaction over it but . . . the document . . . was not flattened." (May 11, 2026, Mot. Hearing Tr. 33:10-13.) Mr. Coleman further explained "[i]n my haste to get the [document filed] I didn't double check as is my usual practice to make sure that not only was the information covered[,] but was also removed as metadata or other accessible data from the PDF document." (*Id.* at 33:17-21.) Moreover, the record reflects that Mr. Coleman covered the text with a white box stating "Redacted," and his exhibit page states "Bank account information redacted," demonstrating that he exercised reasonable diligence in attempting to comply with the Protective Order. *See Denis v. Cnty. of Nassau*, No. 17-cv-4732 (ADS) (AKT), 2019 U.S. Dist. LEXIS 223057, at *23-25 (E.D.N.Y. Dec. 31, 2019) (declining to certify contempt despite "utter failure to exercise reasonable diligence" in handling protected information where attorneys took immediate responsibility for their actions and were otherwise diligent in attempting to comply with the Confidentiality Order in general). Like in *Denis*, Defense counsel promptly admitted that he made a mistake. (*See* May 11, 2026, Mot. Hearing Tr. 33:16-17.) While the mistake reflects some carelessness on Defense counsel's part, his initial attempt to redact the information and immediate acceptance of responsibility for his error leads this Court to conclude that Plaintiff has not carried

her burden of demonstrating by clear and convincing evidence that Defense counsel was not reasonably diligent in attempting to comply with the Protective Order.

While the elements of contempt are not met, "failure to abide by a protective order is sanctionable under Rule 37." *Denis*, 2019 U.S. Dist. LEXIS 223057, at *25. As a result of Defense counsel's improperly redacted filing, the bank account information of Plaintiff's counsel's law firm was posted publicly and circulated online by a nonparty. (*See* Pl. Mot. to Strike at 2.) Plaintiff's counsel had to address the emergency over the weekend and incurred costs to mitigate the potential risks of public disclosure of sensitive financial information. The Court therefore finds sanctions appropriate given Defense counsel's failure to redact fully information covered by a Protective Order. Rule 37(b)(2)(c) provides that the Court must order the sanctioned party to "pay the reasonable expenses, including attorney's fees, caused by the failure" to comply with a court order.[1]

As to the reasonable expenses, Plaintiff submits an invoice from her firm's external accountant, Dr. Andrea Sun-Mee Jones of Extralegal LLC, dated May 22, 2026. (Invoice, Ex. 2, ECF 100-4; *See* Pl. Mem. L. at 7, ECF 100-1; Email Thread re: Payment of Actual Costs, Ex. 1 at 1, ECF 100-3 (stating that "[t]o be clear, Extralegal are our outside accountants – not random lawyers").) Plaintiff requests $5,042.05 for the cost of "data breach mitigation" services, provided by Dr. Sun-Mee Jones. (*See* Invoice at 1-2.) Dr. Sun-Mee Jones billed 19.29 hours for services at a rate of $260 per hour. (*Id.* at 1.)

Plaintiff's initial submission provided limited information, however, as to Dr. Sun-Mee Jones's biography or qualifications, except to state that they have a "J.D. and Ph.D. from Harvard"

[1] Regarding attorney's fees, the Court notes that the parties have consented to transfer, and Plaintiff agrees to seek any attorney's fees related to this motion in the transferee court. (Consent Motion to Change Venue and Transfer, ECF 107; Mem. L. at 6, ECF 107-1.)

and that they are "quite possibly the best tax and financial risk professional [Plaintiff's counsel has] ever met or used." (Pl. Mem. L. at 8, 9 (stating that "Dr. Sun-Mee Jones ***is*** an accountant" (emphasis in original)); *see also* Decl. of Remy J. Green ("Green Decl.") ¶¶ 12-15, ECF 100-2.) In addition, Dr. Sun-Mee Jones's invoice bills for services provided from May 10, 2026, to May 21, 2026, and the time entries contain no description of the work performed, other than the three categories of reference codes: "Fact gathering/due diligence," "Structure/strategy/analysis," or "Transactional advice and opinion." (Invoice at 1.) Accordingly, this Court directed Plaintiff to submit a supplemental affidavit, "providing additional information regarding [Dr. Sun-Mee Jones's] qualifications for and experience in 'data breach mitigation' and detailed descriptions of the nature of the work [they] performed to support the charges detailed in [their] invoice." (July 8, 2026, Order.)

Plaintiff subsequently submitted Dr. Sun-Mee Jones's declaration ("Sun-Mee Jones Decl."), in which Dr. Sun-Mee Jones attests that they are "an attorney admitted in the State of New York, United States Tax Court, and the United States District Courts for the Eastern & Southern Districts of New York," and "regularly practice[s] before the Internal Revenue Service, New York State Department of Taxation and Finance, and New York City Department of Finance." (Sun-Mee Jones Decl. ¶ 1, ECF 109.) Dr. Sun-Mee Jones has "over ten years' experience rendering business tax and accounting services to clients as an owner of two professional service limited liability companies" and their practice "regularly involves advising clients on matters of financial risk and information security." (*Id.* ¶ 2.) This work entails "making risk assessments, devising and implementing strategies to mitigate risks of data breach, evaluating the extent of potential financial and operational impact of any data breach, and identifying and resolving potentially fraudulent transactions." (*Id.*) They also "advis[e] other attorneys on matters of attorney ethics, including

compliance with the requirements of the New York Rules of Professional Conduct regarding both law firm operating accounts and attorney trust accounts." (*Id.*) Dr. Sun-Mee Jones's declaration does not contain any information about whether they possess any accounting certifications. (*See generally id.*)

Although Dr. Sun-Mee Jones is an attorney, Plaintiff's counsel "certif[ies] [that Dr. Sun-Mee Jones] work[s] as our firm's accountant, tax advisor, and otherwise manage[s] our firm's finances." (Green Decl. ¶¶ 12-13.) Dr. Sun-Mee Jones does not purport to be an attorney for Plaintiff's firm, and neither Mx. Green nor Dr. Sun-Mee Jones represent that Dr. Sun-Mee Jones has provided any legal services in this matter. (*See generally id.*; Sun-Mee Jones Decl.) Indeed, Dr. Sun-Mee Jones's declaration demonstrates that the work performed was similar to work performed by an accountant or legal support staff. (*See, e.g.*, Sun-Mee Jones Decl. ¶ 7(d) (spending 3.01 hours "communicating with banking personnel, contracted vendors, and other financial transaction partners by facsimile transmission, electronic mail, online messaging, postal mail, and telephone in order to implement temporary and permanent security protocols" which "resulted in the decommissioning [of] the breached account and operationalizing the replacement account, including cancelling and re-authorizing dozens of transactions - and documenting such actions for [Plaintiff's firm's] books and records").) Accordingly, the Court will evaluate the fees charged by Dr. Sun-Mee Jones to determine whether they are within the rates courts in this District have found to be reasonable for accountants.

Accountants in this District are "typically awarded hourly rates consistent with those set for legal assistants." *Singh v. All Empire Bldg. Contractors, Inc.*, No. 20-cv-2736 (DRH) (AYS), 2021 U.S. Dist. LEXIS 123780, at *24 (E.D.N.Y. June 30, 2021) (reducing an accountant's requested rate of $150 per hour to $75 per hour, in accordance with this District's range of $70 to

$100 per hour), *R. & R. adopted*, 2021 U.S. Dist. LEXIS 135214 (E.D.N.Y. July 20, 2021); *Poplawski v. Metroplex on Atls., LLC*, No. 11-cv-3765 (JBW) (RER), 2013 U.S. Dist. LEXIS 206319, at *33-34 (E.D.N.Y. Apr. 3, 2013) (reducing an accountant's requested rate of $150 to $80 because it is "above the reasonable rate for legal support staff in this District"); *Silva v. M. Beyer Contracting, Ltd.*, No. 10-cv-4951 (DLI) (RER), 2011 U.S. Dist. LEXIS 172156, at *19-22 (E.D.N.Y. Nov. 18, 2011) (reducing requested paralegal and accountant rate from $95-$150 per hour to $75 per hour, in accordance with this District's range for legal assistants at the time). Consistent with this District's range of reasonable hourly rates for paralegals and accountants, the Court reduces Dr. Sun-Mee Jones's rate to $150 per hour. *See Singh*, 2021 U.S. Dist. LEXIS 123780, at *24; *Rubin v. HSBC Bank USA, NA. Equifax Info. Servs. LLC*, 763 F. Supp. 3d 233, 244 (E.D.N.Y. 2025) (setting this District's inflation-adjusted rates as $100-$150 per hour for paralegals).

The Court next examines the reasonableness of the 19.29 hours billed. (Invoice at 1.) To determine the reasonableness of hours spent on the litigation, a court makes "a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended." *Maldonado v. La Nueva Rampa, Inc.*, No. 10-cv-8195, 2012 WL 1669341, at *13 (S.D.N.Y. May 14, 2012) (quoting *Lunday v. City of Albany*, 42 F.3d 131, 134 (2d Cir. 1994)). "[T]he party moving for costs bears the burden of demonstrating the reasonableness of each charge; failure to provide adequate documentation of costs incurred will limit, or even defeat, recovery." *John v. Demaio*, No. 15-cv-6094 (NGG) (CLP), 2016 WL 7469862, at *12 (E.D.N.Y. Sep. 26, 2016), *R. & R. adopted*, 2016 WL 7410656 (E.D.N.Y. Dec. 22, 2016).

As previously discussed, Dr. Sun-Mee Jones submitted an invoice for services provided from May 10, 2026, to May 21, 2026, and while the hours are documented, the explanations for the work performed for each time entry are vague. (Invoice at 1 (describing the services solely as "Fact gathering/due diligence," "Structure/strategy/analysis," or "Transactional advice and opinion").) Although Dr. Sun-Mee Jones supplements their invoice with a summary of services, the Court is unable to ascertain the number of reasonable hours spent addressing the risk caused by Defense counsel's failure to redact. (*See* Sun-Mee Jones Decl. ¶¶ 6-7.) This Court sealed the improper filing to prevent further public access on May 10, 2026. From May 10, 2026, until May 21, 2026, Dr. Sun-Mee Jones billed every day for ten business days, totaling 19.29 hours of work performed. (Invoice at 1.) Plaintiff's counsel affirms that "[i]n a situation like this, where every second presented more risk," Plaintiff's counsel is "aware of no one who could have worked faster with our bank to shut down every risk, who would know exactly what vectors of risk existed, and who could bring that knowledge together to essentially shut off major risks within 24 hours." (Green Decl. ¶ 15.) Based on this representation, the Court assumes that the bank account at issue was closed soon after May 10, 2026, and long before May 21, 2026, mitigating any risk of unauthorized withdrawals from the account. In addition, Dr. Sun-Mee Jones admits that their "time billed during the latter part of the May 22, 2026[,] invoice" included work pertaining to "new security protocols," and it is not clear whether those protocols were directly tied to addressing the specific breach at issue here, or to preventing such issues in the future. (*See* Sun-Mee Jones Decl. ¶ 11.)

Given Plaintiff's counsel's representation that Dr. Sun-Mee Jones promptly shut down the account at issue, and the vagueness of the billing records, the Court finds some of the requested hours, particularly during the latter part of the billed period, to be unreasonable, warranting a

reduction of hours. *See Green v. City of New York*, 403 F. App'x 626, 630 (2d Cir. 2010) (The Second Circuit has "recognized the authority of district courts 'to make across-the-board percentage cuts in hours as a practical means of trimming fat from a fee application.'" (citation omitted)). The Court applies a 20% across-the-board reduction to the hours billed to account for vague, excessive, or otherwise improper billing. *See e.g.*, *Sound Around, Inc. v. Friedman*, No. 24-cv-1986, 2026 U.S. Dist. LEXIS 159199, at *12-13 (S.D.N.Y. July 17, 2026) (finding a 40% reduction appropriate where counsel submitted invoices with block billing and vague entries, making it "unclear how much of each hour was for particular tasks and whether various calls were related to the motion for sanctions or other work for the same matter"); *Crews v. Cnty. of Nassau*, No. 06-cv-2610 (JFB) (GRB), 2019 U.S. Dist. LEXIS 218129, at *33 (E.D.N.Y. Dec. 18, 2019) (applying a 20% reduction due to vague and block-billed time entries, including "numerous entries that mention only 'Legal Research' or 'Research'" and "File Review, document review"); *D'Annunzio v. Ayken, Inc.*, No. 11-cv-3303 (WFK) (SIL), 2015 U.S. Dist. LEXIS 120795, at *16 (E.D.N.Y. Aug. 25, 2015) (recommending a 10 percentage cut to "account for excessive, duplicative, or otherwise improper billing"), *R. & R. adopted*, 2015 U.S. Dist. LEXIS 120793 (E.D.N.Y. Sep. 10, 2015). Accordingly, the Court will award fees for 15.44 hours of work by Dr. Sun-Mee Jones.

Finally, Dr. Sun-Mee Jones's invoice includes expenses in the amount of $26.65, representing the cost of postage. (Invoice at 2.) "Ordinarily, plaintiffs may recover costs relating to filing fees, process servers, postage, and photocopying." *Pichardo v. El Mismo Rincon Latino Corp.*, No. 17-cv-7439 (FB) (SJB), 2018 WL 4101844, at *11 (E.D.N.Y. Aug. 7, 2018) (citations omitted), *R. & R. adopted*, 2018 WL 4100480 (E.D.N.Y. Aug. 28, 2018); *see also LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998). "In the absence of invoices, receipts or

other documentary proof of the costs sought, however, courts decline to award costs." *Malibu Media, LLC v. Doe*, No. 17-cv-6916 (JMA) (SIL), 2020 U.S. Dist. LEXIS 110900, at *15 (E.D.N.Y. June 23, 2020), *R. & R. adopted*, 2020 U.S. Dist. LEXIS 142257 (E.D.N.Y. Aug. 7, 2020); *Nicaisse v. Stephens & Michaels Assocs.*, No. 14-cv-1570 (JS) (GSB), 2016 U.S. Dist. LEXIS 76079, at *28 (E.D.N.Y. June 9, 2016), *R. & R. adopted*, 2016 WL 4275687 (E.D.N.Y. Aug. 12, 2016). The Court therefore declines to award the cost of this unsupported expense.

Accordingly, the Court awards Plaintiff reasonable expenses in the amount of $2,316.00 (15.44 hours x $150). This sanction is imposed upon Defense counsel, Ronald D. Coleman, and is to be paid within 14 days of entry of this Memorandum and Order.

## III. CONCLUSION

Based on the foregoing, Plaintiff's motion is granted in part and denied in part. Specifically, the Court: (1) declines to certify contempt to the district judge; (2) finds that Defense counsel Ronald D. Coleman failed to comply with the Protective Order, warranting sanctions under Rule 37; and (3) awards Plaintiff reasonable expenses in the amount of $2,316.00 to be paid by Ronald D. Coleman within 14 days of entry of this Memorandum and Order.

**SO ORDERED.**

Brooklyn, New York
September 18, 2026

Lara K. Eshkenazi
LARA K. ESHKENAZI
United States Magistrate Judge